IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


HENRY ALEXANDER HARMON                                              PETITIONER


v.                          NO. 4:24-cv-00373-KGB-PSH


DEXTER PAYNE                                                        RESPONDENT


FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Henry Alexander Harmon ("Harmon") challenges the sentence he received in March of 2017 following his negotiated guilty plea. It is recommended that his amended petition for writ of habeas corpus be dismissed without prejudice. His amended petition is a second or successive petition, and he failed to obtain authorization to file the petition from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals").

The record reflects that in November of 2012, Harmon was convicted of multiple criminal offenses and also convicted of using a firearm during the commission of the offenses. He appealed his convictions and, as his only claim, maintained that the state trial court erred when it excluded evidence of third-party DNA on several pieces of evidence. The Arkansas Court of Appeals found no reversible error and affirmed his convictions. The Arkansas Supreme Court later vacated the state Court of Appeals' decision and found that the state trial court had indeed erred by excluding the evidence. See Harmon v. State, 2014 Ark. 391, 441 S.W.3d 891 (2014). The state Supreme Court reversed the convictions and remanded the case to the state trial court.

Harmon was then tried a second time. On the second day of that trial, a mistrial was declared as a result of a problem involving a photographic line-up. A new trial was scheduled.

Before the third trial began in earnest, Harmon entered into a negotiated plea in which he agreed to plead guilty to manslaughter and robbery. He was sentenced in March of 2017 to consecutive five and forty year terms of imprisonment. Minutes after the sentence was imposed, his attorneys informed the state trial court that they had misinformed him about his parole eligibility. The state trial court reconvened the proceeding, and Harmon was provided the correct information. He chose to accept the terms of the negotiated plea.

In June of 2017, Harmon filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37"). In the petition, he challenged his trial attorneys' representation. The petition was denied, and he appealed. The state Court of Appeals found no reversible error and affirmed the denial of the petition. See Harmon v. State, 2019 Ark. App. 492, 588 S.W.3d 432 (2019).

In May of 2020, Harmon filed a state trial court petition for declaratory judgment and writ of mandamus. In the petition, he raised the following claims:

> ... the [Arkansas Division of Correction] ... miscalculated his parole-eligibility date by running his sentences for manslaughter and robbery concurrently rather than consecutively. Harmon also claim[ed] that he has not been provided with full credit for the jail time he has served and that his sentences for manslaughter and robbery violate the prohibition against double jeopardy and the doctrine of merger.

See Harmon v. Noel-Emsweller, 2022 Ark. 26, --- S.W.3d ---, 2022 WL 404112, 2–3 (2022). The petition was denied, primarily because his claims were moot. As to the calculation of his sentence, the trial court found that his five and forty year sentences were to be served consecutively, and he had been given credit for 1,888 days of jail time. Harmon appealed. The state Supreme Court found no reversible error and affirmed the denial of the petition.

In May of 2020, or while Harmon's state trial court petition for declaratory judgment and writ of mandamus was pending, he filed his first petition pursuant to 28 U.S.C. 2254. See Harmon v. Payne, No. 4:20-cv-00697-KGB. In the petition, he raised the following claims:

> 1) The state trial court abused its discretion when Harmon was not allowed to question two witness—a deputy prosecuting attorney and Harmon's attorney from the first trial—during the hearing on Harmon's Rule 37 petition.

2) Harmon's due process rights were violated when the prosecution withheld the mental health records of a witness.

3) Harmon's first trial attorney provided ineffective representation when counsel did not allow Harmon to review, verify, and sign or consent to the brief filed on appeal.

4) The attorneys who represented Harmon at his second trial and at his guilty plea provided ineffective representation when they failed to properly research, and advise Harmon about, the relevant sentencing guideline range and sentencing enhancements. As a part of the claim, Harmon appeared to maintain that his sentence was not being properly calculated.

5) The attorneys who represented Harmon at his second trial and at his guilty plea provided ineffective representation when they failed to challenge the DNA evidence.

6) The attorneys who represented Harmon at his second trial and at his guilty plea provided ineffective representation when, prior to the third trial, they failed to challenge the expected testimony of a witness.

7) Harmon was placed in double jeopardy when he was sentenced for both manslaughter and robbery.

United States District Judge Kristine G. Baker addressed Harmon's claims on the merits, found that they warranted no relief, and dismissed his petition. See Harmon v. Payne, No. 4:20-cv-00697-KGB-PSH, 2020 WL 13610642 (E.D. Ark. Oct. 8, 2020), report and recommendation adopted, No. 4:20-cv-00697-KGB, 2023 WL 187326 (E.D. Ark. Jan. 13, 2023). With respect to Harmon's challenge to the calculation of his sentence, Judge Baker declined to consider the challenge for two reasons. First, the challenge was outside the scope of a proceeding pursuant to 28 U.S.C. 2254. Second, the proper calculation of his sentence was the subject of his then on-going petition for declaratory judgment and writ of mandamus.

In April of 2021, or while Harmon's first petition pursuant to 28 U.S.C. 2254 was pending in the federal district court, he filed a state trial court motion to correct an illegal sentence pursuant to Ark. Code Ann. 16-90-111. In the motion, he alleged that his sentence is illegal for the following reasons:

> (1) his sentences were facially illegal, (2) his sentences were enhanced from the presumptive sentence without stipulation or jury waiver, (3) he was not advised that he could be sentenced by a jury or challenge the sentencing departures, (4) the circuit court failed to make a record of the reasons for the departure, (5) the sentence violated United States Supreme Court precedent, and (6) the circuit court electronic signature on the sentencing order was insufficient.

See <u>Harmon v. State</u>, 2023 Ark. 120, 673 S.W.3d 797, 799 (2023). The petition was denied because his sentence was not facially illegal, as it fell below the statutory maximum, and his remaining claims were either "untimely or without factual support." <u>See</u> <u>Id</u>. Harmon appealed. The state Supreme Court found no reversible error and affirmed the denial of the petition.

Harmon then began this case by filing a petition in May of 2024. In a subsequently filed amended petition, he raised the following claims:

1) His sentence is facially illegal due to "petitioner being sentenced to 108 months [in] the Community Correction Center [as] an alternative sanction ..." <u>See</u> Docket Entry 5 at CM/ECF 5. As a part of the claim, he also alleged that his guilty plea was involuntary because he entered it under duress.

2) The sentence enhancement exceeds the statutory maximums. As a part of the claim, he also alleged that he is actually innocent.

3) His right to due process was violated when the state trial court failed to inform him that he could be sentenced by a jury and challenge the sentencing departures.

4) The manner in which Harmon's sentence enhancement was imposed violates United States Supreme Court precedent.

5) The sentencing order is facially illegal because the electronic signature on the order is insufficient.

Respondent Dexter Payne ("Payne") responded to Harmon's petition by filing the pending motion to dismiss. See Docket Entry 10. In the motion, Payne maintained, in part, that the petition is a successive petition, and Harmon failed to obtain authorization to file the petition from the Court of Appeals.[1]

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Absent such an order, "the district court lacks jurisdiction to hear the petition." See Williams v. Payne, No. 4:23-cv-00366-BSM-JJV, 2023 WL 3728824, 2 (E.D. Ark. May 8, 2023), report and recommendation adopted, No. 4:23-cv-00366-BSM, 2023 WL 3724912 (E.D. Ark. May 30, 2023).

---

[1] Harmon filed two separate responses to Payne's motion to dismiss. In the responses, Harmon largely re-alleged his claims for relief.

8

The phrase "second or successive" petition is a term of art and not every petition that is second in time requires authorization. See Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [...] authorization." See Id. at 853.

The petition at bar is Harmon's second challenge to his March of 2017 sentence by means of a petition pursuant to 28 U.S.C. 2254. He neither sought nor obtained authorization to file the petition from the Court of Appeals. The only question is whether he was required to obtain authorization from the Court of Appeals before filing his petition. For the reasons that follow, the undersigned finds that he must comply with the authorization requirement before his petition can be considered. The district court lacks jurisdiction to hear the petition, and his petition should be dismissed without prejudice.

First, Harmon has known, or should have known, of the factual predicate of the claims at bar since at least the time of his March of 2017 sentencing. He could have easily raised them in Harmon v. Payne, No. 4:20-cv-00697-KGB, his first petition pursuant to 28 U.S.C. 2254. In fact, he raised sentence-related claims in that petition.

Second, notwithstanding the foregoing, the undersigned assumes, arguendo, that Harmon did not know, and could not have known of, the factual predicate of the claims at bar before the dismissal of Harmon v. Payne, No. 4:20-cv-00697-KGB. New claims based on new evidence, though, cannot be raised in a second or successive habeas petition without obtaining authorization from the Court of Appeals. See Caroon v. Hammer, No. 13-1646-MJD-FLN, 2013 WL 5359559 (D. Minn. Sept. 24, 2013).

Third, Harmon's assertion of actual innocence will not excuse compliance with the authorization requirement. An actual innocence exception to 28 U.S.C. 2244(b)(3)(A) would "nearly eviscerate" the requirement, "as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition [...]" See Pawliszko v. Dooley, No. 15-3994-ADM-JSM, 2015 WL 9312526, 2 (D. Minn. Nov. 30, 2015), report and recommendation adopted, No. 15-3994-ADM, 2015 WL 9294350 (D. Minn. Dec. 12, 2015) (emphasis in original). "In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a prerequisite to certification by an appellate court; it is not an exception to certification." See Pawliszko v. Dooley, 2015 WL 9312526, 2 (emphasis in original).

Last, the undersigned recognizes that Harmon has been proceeding pro se. The undersigned knows of no authority for the proposition that a petitioner's pro se status will excuse his obligation to obtain authorization from the Court of Appeals. It is worth noting here that Harmon's pro se status did not prevent him from filing Harmon v. Payne, No. 4:20-cv-00697-KGB.

The undersigned finds that the petition at bar is a second or successive petition, and Harmon failed to obtain authorization from the Court of Appeals to file the petition. It is therefore recommended that Payne's motion to dismiss be granted, see Docket Entry 10, and Harmon's amended petition be dismissed without prejudice. All requested relief should be denied, and judgment should be entered for Payne. A certificate of appealability should also be denied.

DATED this 28th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE